NANCY G. EDMUNDS
VIRGINIA MORGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STAND-BY GOLF of PALM SPRINGS, INC.,
WILLIAM BARTFIELD and JOYCE BARTFIELD,
d/b/a STAND-BY GOLF

    Plaintiffs

v.

Case No. _____

Hon. _____

STAND BY GOLF, INC. and MARK RADOM,

    Defendants.
_____/

**ORIGINAL**

2CV74482DT

FILED 02 NOV 12 PM 3:24

**BUTZEL LONG**
By:   John H. Dudley (P12992)
        J. Michael Huget (P39150)
        Christopher M. Taylor (P63780)
Attorneys for Plaintiff
350 S. Main, Ste. 300
Ann Arbor, MI 48104
(734) 995-3110

## COMPLAINT

Plaintiffs STAND-BY GOLF OF PALM SPRINGS, INC., WILLIAM BARTFIELD and JOYCE BARTFIELD, d/b/a STAND-BY GOLF, (hereinafter "Plaintiffs") complain against Defendants STAND BY GOLF, INC. and MARK RADOM ("Defendants") as follows:

### Parties, Jurisdiction, and Venue

1.    Plaintiff Stand-By Golf of Palm Springs, Inc., is a California corporation with its principal place of business in Palm Springs, California. Plaintiffs William Bartfield and

Joyce Bartfield, d/b/a Stand-By Golf, are individuals residing in California and doing business there as Stand-By Golf.

2. Defendant Stand-by Golf, Inc. is a corporation organized and existing under the law of the State of Florida, with a principal place of business in Tampa, Florida.

3. Defendant Mark Radom is, on information and belief, an individual who resides in Tampa, Florida, and the president and controlling shareholder of Stand-by Golf, Inc., which has, at the direction and control of Mr. Radom, engaged in all the infringing and otherwise harmful conduct described herein.

4. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as well as the statutory and common law of the State of California.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6. Venue is properly laid before this Court pursuant to a valid contract between the Plaintiff's predecessors-in-interest (William Bartfield and Joyce Bartfield, d/b/a Stand-By Golf) and Defendants – a License Agreement, dated February 27, 1997 ("License Agreement"), attached hereto as Exhibit A, whereby the parties agreed that the License will be governed by California law and that any dispute initiated by Plaintiff arising in connection with the License will be litigated only in the United States District Court for the Eastern District of Michigan or Oakland County Circuit Court.

### General Allegations

7. Plaintiff Stand-By Golf of Palm Springs is in the business of operating a golf reservation business whereby Plaintiff brokers unused tee times to the general public. Plaintiff, including its predecessors-in-interest, William Bartfield and Joyce Bartfield, d/b/a

Document: 00113213/0002/49792/12F4011.DOC

Stand-By Golf, has conducted its golf reservation business since 1991 under the trademark "Stand-By Golf."

8. As a result of the considerable success of Plaintiffs' "Stand-By Golf" golf reservation business and the good will generated thereby, Plaintiffs have been approached over the years by individuals seeking to take a license to operate a STAND-BY GOLF branded golf reservation business, thereby acquiring access to Plaintiffs' intellectual property as well as business advice and support. Plaintiffs provide each licensee with valuable proprietary information regarding how to operate a discount golf reservation business. In addition, Plaintiffs' successful operation of their golf reservation business inures to the considerable benefit of its licensees when the licensees seek to establish relationships with golf courses and credit card processing companies.

9. Plaintiffs' intellectual property includes, but is not limited to, the STAND-BY GOLF trademark, the "BOOK" trademark, a related Internet web site located at www.stand-bygolf.com, and the telephone numbers (888) 876-BOOK (2665) and (813) 876-BOOK (2665).

10. Defendants approached Plaintiffs in December, 1996 seeking to take a license to the Stand-By Golf intellectual property.

11. The intellectual property and other proprietary information licensed and made available to Defendants included the "BOOK" mark, the telephone numbers (888) 876-2665 and (813)-899-BOOK (2665) (the "Phone Numbers"), and various forms of advertising materials including a valuable and distinctive rack card (attached as Exhibit B), which has been placed and continues to be found in hotels, restaurants and other locations throughout the Florida market.

3

Document: 00113213/0002/49792/12F4011.DOC

12. The "BOOK" trademark is the distinctive suffix of the phone number used by Plaintiffs' licensees throughout the country. Although phone numbers necessarily vary in different parts of the country, the "BOOK" trademark provides consistency and uniformity among the Stand-By Golf licensees, and thus serves to distinguish Stand-By Golf from its competitors. The "BOOK" trademark is placed, among other places, on Plaintiff's rack cards.

13. In connection with their nation-wide business Plaintiffs and their licensees have made lengthy, continuous, and exclusive use of the "BOOK" mark in connection with their STAND-BY GOLF branded golf reservation business.

14. By virtue of Plaintiffs' lengthy, continuous, and exclusive use of the "BOOK" mark in commerce, and by virtue of substantial sums of money invested in popularizing this mark, Plaintiffs have established and continue to establish substantial valuable good will in the "BOOK" mark, and Plaintiffs' goods and services have come to be associated with Plaintiffs in the minds of customers and potential customers in the relevant marketplace via the "BOOK" marks.

15. Through the License Agreement Plaintiffs authorized Defendants to conduct a STAND-BY GOLF branded golf reservation business in the Florida markets using, among other things, Plaintiffs' proprietary information, trademarks and other intellectual property, marketing strategies, advertising copy (including the Rack Card), general business advice, instruction, and training. For at least 5 years, Defendants used the "BOOK" mark and the Phone Numbers to promote its licensed golf reservation business.

16. In order to protect Plaintiffs' intellectual property and valuable good will, the License Agreement further provides that, upon termination of the License Agreement for any

4

reason, Defendants are prohibited from operating a competing golf reservation business for a period of three years.

17. After using Plaintiffs' propriety information, trademarks and other intellectual property to develop a STAND-BY GOLF branded golf reservation business for at least 5 years, Defendants unilaterally, and without justification, purported to terminate the License Agreement on July 11, 2002.

18. Promptly and immediately upon terminating the relationship, Defendants began operating a competing golf reservation business under the "Tee Off Tomorrow" trade name without Plaintiffs' consent and continued using Plaintiffs' "BOOK" mark and/or the Phone Numbers in connection with this competing business, which includes using the phone number on its own rack cards. Upon information and belief, Defendants began planning this competing business prior to July 11, 2002.

19. By using the phone numbers and by using substantially similar text as used on Plaintiffs' rack cards, among other things, Defendant has created the false impression that "Tee Off Tomorrow" is affiliated with or sponsored by Plaintiff's Stand-By Golf business. Defendants also misappropriated Plaintiffs' proprietary information and trade secrets to Plaintiffs' considerable harm.

20. Defendants' improper operation of a competing golf reservation business and Defendants' misappropriation of Plaintiffs' intellectual property and proprietary information in connection with that new business hinders Plaintiffs ability to find a new STAND-BY GOLF licensee for the valuable Florida marketplace.

BUTZEL LONG, ATTORNEYS & COUNSELORS, A PROFESSIONAL CORPORATION

Document: 00113213/0002/49792/12F401!.DOC

21. On or about September 19, 2002, Plaintiffs placed Defendants on notice concerning Defendants' unauthorized use of Plaintiffs intellectual property, and demanded that Defendant cease and desist from its unauthorized use. *See* Exhibit C.

*Count I*

### False Designation of Origin: 15 U.S.C. § 1125(a)

22. Plaintiffs reallege each and every allegation contained in paragraphs 1-21.

23. On information and belief, since at least July, 2002, in connection with the golf registration business under the "Tee Off Tomorrow" trade name, Defendants have adopted and are using the Phone Numbers and the "BOOK" mark, both as previously used in connection with the licensed STAND-BY GOLF branded golf reservation business.

24. On or about September 19, 2002, Plaintiffs advised Defendants to discontinue its competing golf reservation business.

25. Defendants continue to operate a competing golf reservation business using the Phone Numbers, and any calls to that number will be answered "Tee Off Tomorrow."

26. Defendants' actions as set forth herein constitute a false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. Plaintiffs have been and will continue to be irreparably harmed by Defendants' wrongful acts, and unless Defendants are restrained from continuing their wrongful acts, the harm to Plaintiffs will increase.

28. Plaintiffs have no adequate remedy at law for Defendants' wrongful acts.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and for an entry of an order as follows:

6

(A) preliminarily and permanently enjoining Defendants and Stand-By Golf, Inc.'s officers, directors, agents, employees, representatives, and decedents, and all persons acting in concert with them, from directly or indirectly infringing, in any manner, Plaintiffs' exclusive rights in any of Plaintiffs' trademarks, and from inducing, aiding, causing or materially contributing to such infringement;

(B) requiring Defendants to pay Plaintiffs such actual damages as may be provable, said damages to be trebled pursuant to 15 U.S.C. § 1117;

(C) requiring Defendants to transfer to Plaintiffs the rights to the telephone numbers (888) 876-BOOK (2665) and (813)-899-BOOK (2665);

(D) requiring Defendants to pay Plaintiffs' costs and reasonable attorney fees incurred in this action; and

(E) awarding such other or further relief as the court may deem just and proper.

*Count II*

### Breach of Contract

29. Plaintiffs reallege each and every allegation contained in paragraphs 1-28.

30. The License Agreement precludes Defendant STAND-BY GOLF, INC. and its shareholders, directors and officers, during the term of the License Agreement and for a period of three years thereafter, from operating a competing golf reservation business in geographic areas containing a STAND-BY GOLF branded golf reservation business.

31. Plaintiffs continue to operate and conduct business in the Florida market via its web-site www.standbygolf.com, and its advertising.

7

32. Since at least July 2002, Defendants, and/or the shareholders, directors and officers of Stand-By Golf, Inc., have operated a golf registration business under the "Tee Off Tomorrow" trade name in Plaintiffs' Florida market in breach of the License Agreement.

33. As a result of Defendants' violations of their contractual obligations, Plaintiffs have been and will continue to be irreparably damaged and injured. This damage includes, without limitation, a diminished ability to obtain successor licensees to operation STAND-BY GOLF branded golf reservation businesses in the valuable Florida market.

34. Plaintiffs have no adequate remedy at law because the damages Plaintiffs have suffered and will continue to suffer in connection with the use and disclosure of confidential information and trade secrets, as well as loss of their competitive edge, customer goodwill and fair competition, are incapable of exact proof.

35. Defendants will, unless restrained preliminarily and permanently, continue to violate Plaintiffs' rights and continue to ignore his contractual duties to Plaintiffs by continuing to wrongfully operate a golf reservation business, in the Florida market.

36. Accordingly, a preliminary and permanent injunction restraining and enjoining Defendants from continuing this action is the only remedy that will afford Plaintiffs meaningful relief.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and for an entry of an order as follows:

(A) preliminarily and permanently enjoining Defendants and Stand-By Golf, Inc.'s officers, directors, agents, employees, representatives, and decedents, and all persons acting in concert with them, from operating a golf reservation business in Florida for three years from the date of the court's order;

8

Document: 00113213/0002/49792/12F4011.DOC

(B) requiring Defendants to pay Plaintiffs such actual damages as may be provable;

(C) requiring Defendants to pay Plaintiffs' costs and reasonable attorney fees incurred in this action; and

(D) awarding such other or further relief as the court may deem just and proper.

## *Count III*

### Breach of Fiduciary Duty

37. Plaintiffs reallege each and every allegation contained in paragraphs 1-36.

38. As a licensee of Plaintiff, Defendants were in a position of trust and confidence with Plaintiffs that gave rise to a fiduciary duty to refrain from diverting business opportunities away from Plaintiffs and to refrain from misappropriating and using Plaintiffs' intellectual property, confidential information, trade secrets and goodwill for their own benefit..

39. Defendants' actions in establishing a competing a golf reservation business, has interfered with Plaintiffs' ability to obtain new licensees in the valuable Florida market, diverted Plaintiffs' business opportunities, solicited Plaintiffs' customers and prospects, and misappropriated Plaintiffs' confidential information, trade secrets and goodwill for Defendants' benefit, which all constitutes a breach of Defendants' fiduciary duties to Plaintiffs.

40. Plaintiffs have been damaged through Defendants' breach of their fiduciary duty.

9

Document: 00113213/0002/49792/12F4011.DOC

41. Plaintiffs' damages include, but are not limited to, the amount of all profits Defendants wrongfully obtained and all revenue lost by Plaintiffs as a result of Defendants' breach of fiduciary duty.

42. Plaintiffs have no adequate remedy at law for the majority of their damages because the damages Plaintiffs have suffered, and will continue to suffer, in connection with the loss of their proprietary information, as well as the loss of their customer goodwill, lost business opportunities and expectancies, are incapable of exact proof.

43. Accordingly, a permanent injunction restraining and enjoining Defendants from continuing this action is the only remedy that will afford Plaintiffs meaningful relief.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and for an entry of an order as follows:

(A) preliminarily and permanently enjoining Defendants and Stand-By Golf, Inc.'s officers, directors, agents, employees, representatives, and decedents, and all persons acting in concert with them, from operating a gold reservation business in Florida for three years from the date of the court's order;

(B) requiring Defendants to pay Plaintiffs such actual damages as may be provable;

(C) requiring Defendants to pay Plaintiffs' costs and reasonable attorney fees incurred in this action; and

(D) awarding such other or further relief as the court may deem just and proper.

*Count IV*

### Violation of California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code, § 3426, *et seq.*

44. Plaintiffs reallege each and every allegation contained in paragraphs 1-43.

Document: 001132l3/0002/49792/12F4011.DOC

45. Plaintiffs' strategic and business marketing plans, marketing information, and financial information concerning or relating to the STAND-BY GOLF branded golf reservation business, among other information, were developed by Plaintiffs at great expense over many years and derived an independent economic value from not being generally known or readily ascertainable other than by Plaintiffs' licensees.

46. Plaintiffs have taken steps which were reasonable under the circumstances to maintain the secrecy and confidentiality of their confidential and proprietary information.

47. Plaintiffs' confidential and proprietary information constitutes trade secrets as defined by the California Uniform Trade Secrets Act, Cal. Civ. Code, § 3426, *et seq*.

48. Defendants acquired knowledge of Plaintiffs' trade secrets under circumstances giving rise to a duty to maintain the secrecy of this information and to limit their use.

49. Defendants misappropriated Plaintiffs' trade secrets by using the information obtained through their licensor/licensee relationship with Plaintiffs' without Plaintiffs' consent to gain an unfair competitive advantage in establishing a competing golf reservation business by soliciting business from Plaintiffs' customers and prospects.

50. Defendants have been unjustly enriched, and Plaintiffs have been damaged by Defendants' misappropriation of Plaintiffs' trade secrets.

51. Defendants' misappropriation of Plaintiffs' trade secrets was, and is, willful and malicious.

52. Plaintiffs have no adequate remedy at law for Defendants' actions since the damages Plaintiffs have suffered and will continue to suffer in connection with the use of their property and conversion of their client relationships, as well as the loss of their customer goodwill, are incapable of exact proof.

11

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and for an entry of an order as follows:

(A) preliminarily and permanently enjoining Defendants and Stand-By Golf, Inc.'s officers, directors, agents, employees, representatives, and decedents, and all persons acting in concert with them, from using any of Plaintiffs' confidential and proprietary information and further requiring Defendants to return to Plaintiffs any such confidential and proprietary information;

(B) requiring Defendants to pay Plaintiffs such actual damages as may be provable;

(C) requiring Defendants to pay Plaintiffs' costs and reasonable attorney fees incurred in this action; and

(D) awarding such other or further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

>Respectfully submitted,
>**BUTZEL LONG**
>
>Respectfully submitted,
>
>**BUTZEL LONG**
>
>By: _____
>John H. Dudley (P12992)
>J. Michael Huget (P39150)
>Christopher M. Taylor (P63780)
>Suite 300
>350 South Main Street
>Ann Arbor, Michigan 48104
>(734) 995-3110
>**Attorneys for Plaintiffs**

Dated:  November 11, 2002

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED