

CLOSED

RECEIVED
JUN 20 2003
Clerk's Office
U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STAND-BY GOLF of PALM SPRINGS, INC.,
WILLIAM BARTFIELD and JOYCE BARTFIELD,
d/b/a STAND-BY GOLF

Plaintiffs

v.

ORIGINAL ★

Case No. 02-CV-74482-DT

Hon. Nancy G. Edmunds

STAND-BY GOLF, INC., MARK RADOM,
TEE-OFF TOMORROW, INC., and MICHAEL FAYNE,

Defendants.

_____/

BUTZEL LONG
By: John H. Dudley Jr. (P12992)
J. Michael Huget (P39150)
Christopher M. Taylor (P63780)
Attorneys for Plaintiff
350 South Main Street, Suite 300
Ann Arbor, MI 48104
(734) 995-3110

FILED
JUN 24 2003
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

SEYBURN, KAHN, GINN, BESS & SERLIN P.C.
By: Ronald L. Cornell, Jr.
Adam D. Rosenberg
2000 Town Center, Suite 1500
Southfield, MI 48075
248-353-7620

_____/

## CONSENT ORDER AND PERMANENT INJUNCTION

All parties have moved the Court for entry of this Consent Order and Permanent Injunction, pursuant to the terms of a Settlement Agreement executed by the parties to this action.

29

Plaintiffs William Bartfield, Joyce Bartfield and Stand-By Golf of Palm Springs, Inc. filed this action against Defendants Stand-By Golf, Inc., Mark Radom, Tee Off Tomorrow, and Michael Fayne, bringing claims including the allegations that Defendants' use of Plaintiffs' proprietary know-how, marketing materials, phone numbers constituted unfair competition and that Defendants' operation of a golf-reservation business in Florida constituted a violation of that certain License Agreement, by and between Plaintiff William Bartfield and Stand-By Golf, dated February 27, 1997 (the "License Agreement"). Defendants defended this action by alleging Plaintiffs breached the License Agreement, the License Agreement is an illegal franchise contract and Plaintiffs have unclean hands, among other defenses.

The parties have agreed to this Order in order to amicably resolve the litigation and to avoid further legal expenses. Neither party is admitting or conceding any liability or wrongdoing. Pursuant to the Settlement Agreement reached among the parties, Defendants acknowledge that they have no rights to (813) 899-2665 and (888) 876-2665 telephone numbers and any number ending in the suffix 2665 (the "Numbers"). Defendants also acknowledge that Plaintiffs are exclusive owner of rights to the Numbers.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338 and 1367. The Court has personal jurisdiction over all parties to this action, and venue is appropriate in this District. This matter has come before the Court on the stipulation of the parties, and the Court having determined that injunctive relief is warranted, entry of this Consent Order and Permanent Injunction is appropriate. Accordingly:

IT IS HEREBY ORDERED that Defendants and all of their officers, directors, agents, servants, employees, representatives, successors and assigns, and all persons and entities acting

in active concert or participation with Defendants, are permanently enjoined and prohibited as follows:

1. Defendants shall cease and desist from using the "Numbers.".

2. Defendants shall immediately take all reasonably necessary steps to transfer the Numbers to Plaintiffs.

3. Defendants shall immediately cease and desist from creating, authorizing, or distributing (the "Use") any marketing materials that are substantially or confusingly similar to (i) marketing materials used by Defendants in the name of Stand-By Golf, Inc. when the License Agreement was in effect (a representative sample is attached hereto as Exhibit A); or (ii) marketing materials Used by Plaintiffs (together with (i), "Marketing Materials") (a representative sample is attached hereto as Exhibit B). Plaintiffs acknowledge that Defendants' current advertising and marketing materials (a representative sample is attached hereto as Exhibit C) do not violate the terms of this Order.

4. Defendants shall promptly destroy any Marketing Materials in its possession or control, the Use of which would violate Paragraph 3. Upon compliance with the previous sentence, Defendants shall promptly deliver to Plaintiffs notice that all such Marketing Materials have been destroyed. To the extent there is any presently existing advertising that may violate Paragraph 3, such as Yellow Pages advertisements which were purchased or placed prior to the entry of this Consent Judgment, and which reasonably cannot be removed from further publication, such advertisements shall not violate Paragraph 3 so long as they are identified on Exhibit D.

IT IS FURTHER ORDERED that:

5. Each party shall bear its own costs and attorney's fees incurred prior to the entry of this Consent Order. No other or further relief is awarded to any party, and Plaintiffs' remaining claims are dismissed with prejudice. Unless subsequently modified by order of this Court, this order is permanent.

6. This Court retains jurisdiction over the Settlement Agreement for all purposes, including but not limited to all disputes arising out of or relating the Settlement Agreement and all actions for enforcement of the terms of the Settlement Agreement. As a condition precedent to any action to enforce this Order, the enforcing party shall provide the defaulting party with notice of the default. Such notice shall be delivered via U.S. mail (return receipt requested) to the defaulting party. Following mailing of the notice of default, the defaulting party shall have thirty days in which to cure the default prior to any enforcement by the enforcing party.

7. Unless compelled to do so by law, the parties and their licensees shall disclose only that this lawsuit was voluntarily settled on mutually agreeable terms. No other information in regard to this legal dispute shall be disclosed to any third party.

IT IS SO ORDERED.

Dated: ___JUN 24 2003___2003

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

_____ (P3915)
Attorney for Plaintiff

_____
Attorney for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED